IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN WYSINGER,**

              **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

              **Defendant.**

Case No. 19-CV-00714-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On July 1, 2019, Petitioner filed a *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing Petitioner's motion and the Court's own records, the Court concludes that Petitioner is not entitled to relief, and the motion must be dismissed.

Following the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitions filed under 28 U.S.C. § 2255 now have a one-year period of limitation. This period is triggered by the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On December 14, 2010, Petitioner was convicted of conspiracy to distribute and possess with intent to distribute cocaine and aiding and abetting the possession with intent to distribute cocaine (Case Number 3:09-cr-30159-SMY, Doc. 255, hereafter referred to as "Criminal Case"). Petitioner appealed his conviction to the Seventh Circuit, which vacated his initial conviction and remanded the case back to the district court, holding that a crucial piece of video evidence should have been suppressed and that this error was not harmless (Criminal Case, Doc. 314). Petitioner then pled guilty to both counts, pursuant to the Plea Agreement (Criminal Case, Doc. 346). Petitioner was sentenced to 180 months imprisonment on each count, to run concurrently, and the judgment was entered on April 30, 2013 (Criminal Case, Doc. 391). For purposes of § 2255, the judgment became final on May 14, 2013 because no timely direct appeal was filed. *See* FED. R. APP. P. 4(b)(1)(A).

Petitioner filed the instant motion on July 1, 2019 (Doc. 1). It is clear from the record that this motion was not filed within one year of Petitioner's judgment of conviction becoming final.[1] Petitioner also does not cite any facts to support

---

[1] It is worth noting that Petitioner also "knowingly and voluntarily waive[d] his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28 . . ." (Criminal Case, Doc. 346).

refreshing the one-year limitation period under § 2255(f)(2-4), nor can the Court find any exception to that limitation. Thus, the instant motion is barred by § 2255's one-year limitation period, and this Court lacks jurisdiction to entertain the motion.

## CONCLUSION

Because the instant action is time barred pursuant to 28 U.S.C. § 2255, this motion to vacate, set aside or correct sentence is **DENIED**, and this action is **DISMISSED with prejudice**. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012), *quoting Tennard v. Dretke,* 542 U.S. 274, 281 (2004). *See also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Petitioner has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned

concludes that reasonable jurists would not find this assessment of Petitioner's claims debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: February 16, 2021**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
